MoKiNNEY, J.,
delivered the opinion of the court.
This was an appeal from an order of the county court of Maury, granting a limited administration upon the estate of James F. Jordan, who, at the time of his death, was a non-resident.
It appears from the record, that James F. Jordan died intestate in Texas, of which State he was a resident. Previous to and at the time of his death, there was pending in the chancery court at Columbia, in this State, a suit in which he 'was a complainant, and the plaintiff in error was the principal defendant. The intestate had no other property or assets within this State at the time of his death, or at the time of the *434 grant of administration, except .the subject matter of said suit. For the sole purpose of prosecuting this suit to a final termination, the counsel of the intestate applied to the county court of Maury, in which county the chancery court in which this suit was pending, held its sessions, to have a limited administration granted upon the intestate’s estate, and nominated the defendant in error, who was not of kin to the deceased, nor a creditor of his estate, nor interested in the suit. The plaintiff in error, who is a brother of the intestate, appeared and claimed, as next of kin, to have a general administration upon the estate of the intestate committed to him. But the court refused this application, because he was the principal defendant in said suit, against whom a decree was sought, and had an interest in opposition to that of the representatives and distributees of the intestate’s estate; and proceeded to grant a limited or special administration to the defendant in error. An appeal was prosecuted to the circuit court, and the judgment being affirmed, the case is brought here by an appeal in error.
The first error insisted upon, is, in the grant of a .limited administration. It. seems to be thought that, under our law this is not admissible, and that none other than -a general administration can be granted. We do not think so. It is well settled in England, that such limited administration may be granted. The grant may be limited, either to certain specific effects of the deceased, or to a certain specific purpose, as to filing a bill, or carrying on proceedings in chancery. 1 Williams on Ex’rs., (ed. of 1849,) 431. 1 Hagg., 93. 2 Hagg., 62. 3 Philmore, 315.
*435 And it is now well settled, that if such limited administrator is made a .party to the suit the estate of the intestate is properly represented, so as to enable the court to proceed in the cause, and a decree obtained against such an administrator will be binding on any general administrator. 1 Williams on Ex’rs, 435. 3 Hare, 199, 208.
But such a limited or special administration does not prevent a grant of the general 'administration, in a proper case, to a different person. The party entitled to the general grant may take what is called an administration cmterorwn, or an administration of all the other property or assets of the intestate. And the two administrations may well subsist together. 1 Williams on Ex’rs, 431, 436.
It was held in the case of McNairy vs. Bell, 6 Yerger, 302, that a limited administration might be granted' by the county court. This was allowable under our law prior to the act of 1842, ch. 69, and 165, which expressly authorizes'a limited administration upon the estate of a person, who, at the time of his deathj was a non-resident, where the decedent left any estate, real or personal, in this State, or where which his estate is interested, is to be b^ cuted or defended; or where any citizen or other person, having property, dioses debts due them within this State, was ind decedent at the time of his death.
The authority of the county eourt to make limited appointment, is, therefore, placed beyond all question. And in the present case there was no pre-tence for a general administration, as there was no *436 other assets witbin the jurisdiction of this State. Secondly, it is urged, that, admitting the regularity of a limited grant of administration, the plaintiff in error as nest of kin, was entitled to be appointed; and, that, therefore, in the apjwintment of the defendant, there was error.
This position is equally as untenable as the preceding one. In England, the, ecclesiastical courts would not put a litigant party in possession of the property, or subject of the suit, by granting to him a limited administration pending the suit, but to some one presumed to be indifferent. 1 Williams on Ex’rs, 410. Nor, under our law, can either the next of kin, or creditors, claim a right to such appointment, if occupying an antagonistic relation to those who represent the deceased party. A temporary administration of this sort is not within the letter or spirit of the law prescribing to whom the general administration shall be committed; and it would seem singularly absurd to require that such special administration should be granted to a party whose interest, and perhaps whose first act would be to defeat the very purpose of the grant. Such is not the law.
There is no error in the record, and the judgment is affirmed.